UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x

CARLENE BLAIR, by her mother and natural
guardian, Paula Robertson,

                              Plaintiff,

                   - against -

THE CITY OF NEW YORK, ANDREA LEWIS
and DARRIN DANGLADE, employees of the
City of New York,

                            Defendants.

----------------------------------------------------------------x

COMPLAINT
08 CV 4905 (RWS)(JCF)

**Jury Trial Demanded**

        Carlene Blair, by her mother and natural guardian, Paula Robertson, by their attorney, Matthew Flamm, alleges the following upon information and belief as her Complaint:

### Nature of the Action

        1.    This civil rights action arises from the October 16, 2007 arrest of Carlene Blair. Plaintiff seeks declaratory relief pursuant to 28 U.S.C. §2201 as well as compensatory and punitive damages for violation of his civil rights under 42 U.S.C. §1983.

### Jurisdiction and Venue

        2.    This action arises under the United States Constitution and 42 U.S.C. §1983. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1331 and §1343(3). Plaintiff asserts jurisdiction over the City of New York under 28 U.S.C. §1367. Plaintiff requests that this Court exercise pendent jurisdiction over those state law claims arising out of the same common nucleus of operative facts as do plaintiff's federal claims.

        3.    Under 28 U.S.C. §1391(b) and (c), venue is proper in the Southern District of New York because defendant City of New York resides in that judicial District.

## Parties

4. Plaintiff Carlene Blair is a citizen of the United States of America residing in the State and City of New York, County of the Kings. At the time of the incidents herein, she was a sixteen year old student at Brooklyn High School of the Arts in Brooklyn, New York.

5. Paula Robertson resides in the State and City of New York, Kings County. She is the mother and natural guard of plaintiff Carlene Blair.

6. Defendant CITY OF NEW YORK is a Municipal Corporation within New York State. Pursuant to §431 of its Charter, the City of New York has established and maintains the New York City Department of Police as a constituent department or agency. At all times relevant, the City of New York employed the Police personnel involved in the incident underlying this lawsuit.

7. Defendant Andrea Lewis was at all times relevant the Principal of the Acorn Community High School.

8. Defendant Darrin Danglade was at all times relevant a duly appointed and acting employee of the New York City Police Department and assigned to the 77th Precinct.

9. At all times relevant, defendants Lewis and Danglade (the "individual defendants") were acting under color of state law.

10. The individual defendants were at all times relevant agents, servants and employees acting within the scope of their employment by defendant City of New York.

## Notice of Claim

11. On January 9, 2008, and within ninety days after claims arose, plaintiff filed a Notice of Claim upon defendant the City of New York, by delivering copies thereof to the person designated by law as a person to whom such claims may be served.

12. The Notice of Claim was in writing and was sworn to by the plaintiff, and contained the name and post office address of the plaintiff.

13. The Notice of Claim set out the nature of the claims, the time when, the place where and manner by which the claims arose, and the damage and injuries claimed to have been sustained.

14. The City of New York assigned the claim number 2008PI002509.

15. The City of New York has neglected and failed to adjust the claims within the statutory time period.

16. This action was commenced within one year and ninety days after the happening of the events upon which the claims are based.

## Facts Underlying
### Plaintiff's Claims for Relief

17. Plaintiff was arrested without cause or justification on October 16, 2007 at approximately 3:05 p.m. at the corner of Grand Avenue and Dean Street in Brooklyn, across the street from the Acorn Community High School.

18. Ms. Blair was at Acorn with two friends, Ashwana Keitt and Jasmine Casado, to meet a third friend, Nina Cunningham, to give Nina money for a planned trip to Six Flags Great Adventure in New Jersey.

19. The individual defendants caused Ms. Blair's arrest and thereafter caused her to be prosecuted under Kings County Criminal Court Docket No. 2008SK008603 on the false charge of loitering in violation of Penal Law §240.35(5).

20. During his arrest of Ms. Blair, defendant Danglade grabbed plaintiff's arm and forcefully pulled and tugged her despite that plaintiff was offering no resistance. Plaintiff was handcuffed even though she had done nothing wrong.

21. As a result of the false charge lodged against her, Ms. Blair hired an attorney to defend her and was forced, under threat of issuance of an arrest warrant and of arrest, to appear in Criminal Court on January 17, February 19 and

March 4, 2008.  On March 4, 2008, the charges against Ms. Blair were dismissed and sealed.

22.     Plaintiff's other two friends, Ms. Keitt and Ms. Casado, were also arrested and identically charged.  On January 17, 2008, the charges against them were adjourned in contemplation of dismissal and will be dismissed and sealed in July 2008.

23.     Ms. Blair, in addition to other injuries, suffered shock, fright, loss of liberty and dignity, and the emotional upset associated with being falsely and publicly arrested and manhandled and of being falsely prosecuted.

24.     At all times relevant, and in arresting her and in bringing false charges against her, the individual defendants acted intentionally, willfully, maliciously, negligently, and with reckless disregard for and deliberate indifference to Ms. Blair's rights and well-being.

### FIRST CLAIM FOR RELIEF FOR VIOLATING PLAINTIFF'S RIGHT TO BE FREE FROM UNREASONABLE SEARCHES AND SEIZURES UNDER THE FOURTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION

25.     Plaintiff repeats the allegations of paragraphs 1-24 as though fully stated herein.

26.     By the actions described above, the individual defendants deprived Ms. Blair of her rights secured by the Constitution and laws of the United States in violation of 42 U.S.C. §1983, including, but not limited to her right to be free and secure in her person and her right to be free from arrest or search, except on probable cause or pursuant to warrant.

27.     As a consequence thereof, Carlene Blair has been injured.

### SECOND CLAIM FOR RELIEF FOR FALSE IMPRISONMENT

28.     Plaintiff repeats the allegations of paragraphs 1-24 as though fully stated herein.

29.     By reason of the foregoing, plaintiff was intentionally confined without privilege or probable cause to believe a crime had been committed. Plaintiff was aware of and did not consent to the confinement. Plaintiff was thereby falsely arrested and imprisoned.

30.     As a consequence thereof, Carlene Blair has been injured.

THIRD CLAIM FOR RELIEF FOR
VIOLATING PLAINTIFF'S RIGHT TO BE FREE
FROM UNREASONABLE FORCE UNDER THE FOURTH AND
FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION

31.     Plaintiff repeats the allegations of paragraphs 1-24 above as though fully stated herein.

32.     By the actions described above, defendant Danglade deprived Ms. Blair of her rights secured by the Constitution and laws of the United States in violation of 42 U.S.C. §1983, including, but not limited to her right to be free from excessive and unreasonable force.

33.     As a consequence thereof, Carlene Blair has been injured.

FOURTH CLAIM FOR RELIEF FOR ASSAULT

34.     Plaintiff repeats the allegations of paragraphs 1-24 as though fully stated herein.

35.     By the actions described above, plaintiff was intentionally placed in apprehension of imminent harmful and offensive contact.

36.     As a consequence thereof, Carlene Blair has been injured.

FOURTH CLAIM FOR RELIEF FOR BATTERY

37.     Plaintiff repeats the allegations of paragraphs 1-24 as though fully stated herein.

38.     By the actions described above, plaintiff was intentionally touched in a harmful and offensive manner.

39.	As a consequence thereof, Carlene Blair has been injured.

FIFTH CLAIM FOR RELIEF FOR MALICIOUS PROSECUTION
IN VIOLATION OF PLAINTIFF'S RIGHTS UNDER THE FOURTH AND
FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION

40.	Plaintiff repeats the allegations of paragraphs 1-24 as though fully stated herein.

41.	The individual defendants commenced or allowed the commencement of a Criminal Court proceeding against Ms. Blair without probable cause and with actual malice.  The prosecution terminated in Ms. Blair's favor.

42.	 Ms. Blair suffered a deprivation of liberty resulting from government seizure in the form of legal process, being compelled, under threat of issuance of an arrest warrant and arrest, to appear in Criminal Court to contest the baseless charge.

43.	As a consequence thereof, Carlene Blair has been injured.

SIXTH CLAIM FOR RELIEF FOR MALICIOUS  PROSECUTION

44.	Plaintiff repeats the allegations of paragraphs 1-24 as though fully stated herein.

45.	By reason of the foregoing, without probable cause and with actual malice, a Criminal Court proceeding was commenced against Ms. Blair, said prosecution ending in plaintiff's  favor.

46.	As a consequence thereof, Carlene Blair has been injured.

Request for Relief

WHEREFORE, plaintiff respectfully requests that judgment be entered as follows:

(A)	Declaratory relief as follows:
1.	A declaration that plaintiff's right to be free from unreasonable searches and seizures under the Fourth

|     |     |
| --- | --- |
|     | and Fourteenth Amendments of the United States Constitution was violated; |
| 2.  | A declaration that plaintiff's right to be free from unreasonable and excessive force under the Fourth and Fourteenth Amendments of the United States Constitution was violated; |
| 3.  | A declaration that plaintiff's right to be free from malicious prosecution under the Fourth and Fourteenth Amendments of the United States Constitution was violated; |
| (B) | Compensatory damages in an amount to be fixed at trial; |
| (C) | By reason of the wanton, willful and malicious character of the conduct complained of herein, punitive damages against the individual defendants in an amount to be fixed at trial; |
| (D) | An award to plaintiff of the costs and disbursements herein; |
| (E) | An award of attorney's fees under 42 U.S.C. §1988; and |
| (F) | Such other and further relief as this Court may deem just and proper. |

Dated:   May 28, 2008
         Brooklyn, New York

                                    _____
                                    Matthew Flamm **MF1309**
                                     Attorney for Plaintiff
                                    26 Court Street, Suite 600
                                    Brooklyn, New York 11242
                                    (718) 797-3117

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

CARLENE BLAIR, by her mother and natural
guardian, Paula Robertson,                                    08 CV 4905 (RWS)(JCF)

        Plaintiff,

        - against -

THE CITY OF NEW YORK, ANDREA LEWIS and
DARRIN DANGLADE, employees of the City of
New York,
        Defendants.

-------------------------------------------------------------x

# COMPLAINT

Matthew Flamm
Attorney for Plaintiff
26 Court Street, Suite 600
Brooklyn, New York  11242  (718) 797-3117