UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x

CARLENE BLAIR, by her mother and natural guardian
Paula Robertson,

                                         Plaintiff,

                        -against-

THE CITY OF NEW YORK, ANDREA LEWIS and
DARRIN DANGLADE, employees of the City of New
York,

                                 Defendants.

------------------------------------------------------------------ x

**ANSWER BY CITY OF NEW
YORK AND DANGLADE**

JURY TRIAL DEMANDED

08 Civ. 4905 (RWS)

       Defendants City of New York and Officer Darrin Danglade, by their attorney Michael A. Cardozo, Corporation Counsel of the City of New York, as and for an answer to the complaint, respectfully allege upon information and belief as follows.

       1.  Deny the allegations set forth in paragraph "1" of the complaint, except admit that plaintiff purports to bring this action as stated therein.

       2.  Deny the allegations set forth in paragraph "2" of the complaint, except admit that plaintiff purports to bring this action and invoke the jurisdiction of this Court as stated therein.

       3.  Deny the allegations set forth in paragraph "3" of the complaint.

       4.  Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "4" of the complaint.

       5.  Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "5" of the complaint.

       6.  Deny the allegations set forth in paragraph "6" of the complaint, except admit that the City of New York is a municipal corporation. Defendants further refer this Court to the New

York City Charter and New York City Administrative code for a recitation of the relationship between the City and the New York City Police Department.

7. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "7" of the complaint.

8. Deny the allegations set forth in paragraph "8" of the complaint, except admit that Darrin Danglade is employed as a police officer with the New York City Police Department and is assigned to the 77th Precinct.

9. Defendants state that the allegations set forth in paragraph "9" of the complaint constitute legal conclusions to which no response is required.

10. Defendants state that the allegations set forth in paragraph "10" of the complaint constitute legal conclusions to which no response is required.

11. Deny the allegations set forth in paragraph "11" of the complaint, except admit that a document purporting to be a Notice of Claim was received by the City of New York Office of the Comptroller on January 11, 2008.

12. Deny the allegations set forth in paragraph "12" of the complaint, except admit that a document purporting to be a Notice of Claim was received by the City of New York Office of the Comptroller on January 11, 2008.

13. Deny the allegations set forth in paragraph "13" of the complaint, except admit that a document purporting to be a Notice of Claim was received by the City of New York Office of the Comptroller on January 11, 2007.

14. Admit that a number was assigned to the document purporting to be a Notice of Claim.

15. Deny the allegations set forth in paragraph "15" of the complaint, except admit that no payment has been made.

16. Defendants state that the allegations set forth in paragraph "16" of the complaint constitute legal conclusions to which no response is required.

17. Deny the allegations set forth in paragraph "17" of the complaint.

18. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "18" of the complaint.

19. Deny the allegations set forth in paragraph "19" of the complaint.

20. Deny the allegations set forth in paragraph "20" of the complaint.

21. Deny the allegations set forth in paragraph "21" of the complaint.

22. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "22" of the complaint.

23. Deny the allegations set forth in paragraph "23" of the complaint.

24. Deny the allegations set forth in paragraph "24" of the complaint.

25. In response to the allegations set forth in paragraph "25" of the complaint, defendants repeat and reallege the responses set forth in all the preceding paragraphs of this answer as if fully set forth herein.

26. Deny the allegations set forth in paragraph "26" of the complaint.

27. Deny the allegations set forth in paragraph "27" of the complaint.

28. In response to the allegations set forth in paragraph "28" of the complaint, defendants repeat and reallege the responses set forth in all the preceding paragraphs of this answer as if fully set forth herein.

29. Deny the allegations set forth in paragraph "29" of the complaint.

30. Deny the allegations set forth in paragraph "30" of the complaint.

31. In response to the allegations set forth in paragraph "31" of the complaint, defendants repeat and reallege the responses set forth in all the preceding paragraphs of this answer as if fully set forth herein.

32. Deny the allegations set forth in paragraph "32" of the complaint.

33. Deny the allegations set forth in paragraph "33" of the complaint.

34. In response to the allegations set forth in paragraph "34" of the complaint, defendants repeat and reallege the responses set forth in all the preceding paragraphs of this answer as if fully set forth herein.

35. Deny the allegations set forth in paragraph "35" of the complaint.

36. Deny the allegations set forth in paragraph "36" of the complaint.

37. In response to the allegations set forth in paragraph "37" of the complaint, defendants repeat and reallege the responses set forth in all the preceding paragraphs of this answer as if fully set forth herein.

38. Deny the allegations set forth in paragraph "38" of the complaint.

39. Deny the allegations set forth in paragraph "39" of the complaint.

40. In response to the allegations set forth in paragraph "40" of the complaint, defendants repeat and reallege the responses set forth in all the preceding paragraphs of this answer as if fully set forth herein.

41. Deny the allegations set forth in paragraph "41" of the complaint.

42. Deny the allegations set forth in paragraph "42" of the complaint.

43. Deny the allegations set forth in paragraph "43" of the complaint.

44. In response to the allegations set forth in paragraph "44" of the complaint, defendants repeat and reallege the responses set forth in all the preceding paragraphs of this answer as if fully set forth herein.

45. Deny the allegations set forth in paragraph "45" of the complaint.

46. Deny the allegations set forth in paragraph "46" of the complaint.

## FOR A FIRST AFFIRMATIVE DEFENSE

47. The complaint fails to state a claim upon which relief can be granted.

## FOR A SECOND AFFIRMATIVE DEFENSE

48. Any injuries set forth in the complaint were caused, in whole or in part, by plaintiff's culpable or negligent conduct.

## FOR A THIRD AFFIRMATIVE DEFENSE

49. At all times relevant to the acts alleged in the complaint, the duties and functions of defendant's officials entailed the reasonable exercise of proper and lawful discretion. Therefore, defendant City of New York is entitled to governmental immunity from liability.

## FOR A FOURTH AFFIRMATIVE DEFENSE

50. Plaintiff provoked any incident.

## FOR A FIFTH AFFIRMATIVE DEFENSE

51. Defendants have not violated any rights, privileges or immunities secured to plaintiff by the Constitution or laws of the United States or the State of New York or any political subdivision thereof, nor have the defendants violated any act of Congress providing for the protection of civil rights.

## FOR A SIXTH AFFIRMATIVE DEFENSE

52. There was probable cause for plaintiff's arrest and prosecution.

## FOR A SEVENTH AFFIRMATIVE DEFENSE

53. The individual defendant has not violated any clearly established constitutional or statutory right of which a reasonable person would have known and therefore is protected by qualified immunity.

## FOR AN EIGHTH AFFIRMATIVE DEFENSE

54. At all times relevant to the acts alleged in the complaint, the individual defendant acted reasonably in the proper and lawful exercise of his discretion.

## FOR A NINTH AFFIRMATIVE DEFENSE

55. Plaintiff is not entitled to declaratory relief.

## FOR AN TENTH AFFIRMATIVE DEFENSE

56. Plaintiff failed to comply with all conditions precedent to suit including the relevant sections of the General Municipal Law.

## FOR AN ELEVENTH AFFIRMATIVE DEFENSE

57. Venue of this action in the Southern District of New York is improper.

WHEREFORE, defendants City of New York and Officer Danglade respectfully request

judgment dismissing the complaint in its entirety, together with the costs and disbursements of

this action, and such other and further relief as the Court deems just and proper.

Dated: New York, New York
      August 18, 2008

                    MICHAEL A. CARDOZO
                    Corporation Counsel of the City of New York
                    Attorney for Defendants City and Danglade
                    100 Church Street
                    Room 3-146
                    New York, New York 10007
                    (212) 788-1894

                    By: _____
                        David M. Pollack (DP3873)